IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No.: 4:00-CR-55-1H
No. 4:13-CV-116-H

AARON JEROME LYLES                    )
                                      )
          Petitioner,                 )
                                      )
                                      )
     v.                               )          **ORDER**
                                      )
                                      )
UNITED STATES OF AMERICA,             )
                                      )
          Respondent.                 )
                                      )


     This matter is before the court on the government's motion
to dismiss petitioner's 28 U.S.C. § 2255 motion to vacate.
Petitioner has responded, and this matter is ripe for
adjudication.

### BACKGROUND

     On September 7, 2000, Petitioner was indicted on three
charges: (1) Conspiracy to Commit Armed Bank Robbery (18 U.S.C.
§ 2113(a) and (d)); (2) Armed Bank Robbery (18 U.S.C. §2113(a)
and (d); 18 U.S.C. § 2); and (3) Brandishing and Discharging a
Firearm During and in Relation to a Crime of Violence (18 U.S.C.
§ 924(c)(1)(A); 18 U.S.C. § 2).  This case was consolidated with
case number 2:00-CR-00024-H-1 for purposes of the plea agreement
and sentencing.  Petitioner pled guilty to Counts Two and Three

on December 18, 2000, pursuant to a written plea agreement. This court sentenced petitioner to a term of imprisonment of 355 months on May 29, 2001.

Petitioner did not appeal his conviction or sentence. Therefore, judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Petitioner then filed the instant motion to vacate on May 9, 2013, more than a decade after his judgment became final.

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1 year limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner also seeks this court to equitably toll the statute of limitations. The statute of limitations period for section 2255 motions is subject to equitable tolling. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). In order for equitable tolling to apply, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). The reasons cited by petitioner, including that he did not have access to a law library and was not aware of the relief potentially available under § 2255, do not rise to the level of extraordinary circumstances or show that petitioner pursued his rights diligently, as required in order to apply equitable

tolling. Therefore, the court declines to apply the doctrine and finds the petition untimely.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED. Petitioner's motion is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 *(2000)*; Rose v. Lee, 252 F.3d 676,683-84 (4th Cir. 2001). A reasonable jurist would not find this Court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This GĞāä day of October 2013.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26